UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONNA W.,

                              Plaintiff,

v.                                                        5:17-CV-104
                                                                     (TWD)

ANDREW SAUL,

                              Defendant.
_____

APPEARANCES:                               OF COUNSEL:

OLINSKY LAW GROUP                 HOWARD D. OLINSKY, ESQ.
 *Attorney for Plaintiff*
250 South Clinton Street
Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.       ELIZABETH D. ROTHSTEIN, ESQ.
OFFICE OF REG'L GEN. COUNSEL     KAREN T. CALLAHAN, ESQ.
REGION II
 *Attorney for Defendant*
26 Federal Plaza - Room 3904
New York, New York 10278

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

       Currently before the Court is Plaintiff's counsel's ("Mr. Olinsky") motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. No. 19.)

**I.     BACKGROUND**

       Mr. Olinsky represented Plaintiff in a civil action before this Court, seeking judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of Plaintiff's application for disability benefits under the Social Security Act.  On July 17, 2017,

Mr. Olinsky filed a brief in support of remand arguing substantial evidence did not support the Administrative Law Judge's ("ALJ") decision. (Dkt. No. 11.) Rather than respond, Defendant stipulated to remand of this action for further proceedings. (Dkt. Nos. 12, 13.) Mr. Olinsky continued to represent Plaintiff post-remand. Upon remand, on October 25, 2019, an ALJ issued a fully favorable decision granting Plaintiff disability insurance benefits from April 2, 2012, onward. (Dkt. No. 19-1 at ¶ 3.)

On March 14, 2020, the Commissioner issued a Notice of Award indicating the total past due benefits were $158,760.00. *Id*. at ¶ 5. Mr. Olinsky submitted a fee petition to the ALJ to collect $10,000.00 of this total for work done at the agency level. *Id*. at ¶ 8. However, to date, the ALJ has not yet approved this fee request. In a Stipulation and Order dated May 10, 2018, Plaintiff was also awarded $5,400.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 18.)[1]

Mr. Olinsky now seeks attorney's fees in the amount of $26,690.00, to be paid to him pursuant to a contingency fee agreement he had with Plaintiff. Defendant responded, expressing no opinion as to the propriety of his fee request. (Dkt. No. 20.)

**II.   DISCUSSION**

Under 42 U.S.C. § 406, a prevailing claimant's fees are payable out of the benefits the claimant recovers, and such fees may not exceed 25 percent of past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). "[Section] 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id*. at 794 (citing 20 CFR § 404.1728(a)). For representation of a claimant at the administrative level, an attorney may file a fee petition. *See Gisbrecht*, 535 U.S. at 794 (citing 42 U.S.C. § 406(a)). In response

---

[1]  Plaintiff has stated he will refund the $5,400.00 EAJA fee upon receipt of an award of attorney's fees in excess of this amount. (Dkt. No. 19-1 at ¶ 9.)

to such a petition, "the agency may allow fees 'for services performed in connection with any claim before' it; [however,] if a determination favorable to the benefits claimant has been made, . . . the Commissioner of Social Security 'shall . . . fix . . . a reasonable fee' for an attorney's services." *See Gisbrecht*, 535 U.S. at 794 (quoting 42 U.S.C. § 406(a)(1)).

With respect to proceedings before a court, the statute provides "for fees on rendition of 'a judgment favorable to a claimant.'" *See Gisbrecht*, 535 U.S. at 794 (quoting 42 U.S.C. § 406(b)(1)(A)). As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). This fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id*.

In addition, the EAJA "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Gisbrecht*, 535 U.S. at 796 (citation omitted). Pursuant to the EAJA, a court may award a claimant "fees payable by the United States if [its] position in the litigation was not 'substantially justified.'" *Id*. (citation omitted). "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,' § 2412(d)(1)(B), capped in the mine run of cases at $125 per hour, § 2412(d)(2)(A)." *Id*. (citation and footnote omitted).

A court may award fees under both the EAJA and Section 406(b), but the claimant's counsel must "'refun[d] to the claimant the amount of the smaller fee.'" *Id*. (citation omitted). "'Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.'" *Id*. (quotation omitted).

In *Gisbrecht*, the Supreme Court held "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. (footnote omitted).

The *Gisbrecht* Court noted "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved." *Id*. at 808 (citations omitted). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id*. (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) (reviewing court should disallow "windfalls for lawyers")). "In this regard, the court may require the claimant's attorney to submit . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez*, 865 F.2d at 741).

Likewise, in *Wells v. Sullivan*, 907 F.2d 367 (2d Cir. 1990), the Second Circuit held "§ 406(b) does not invalidate all contingent fee arrangements it merely sets their upper limit and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Id*. at 370. The court noted that, "because § 406(b) requires the district court to review the reasonableness of any requested fee, contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases." *Id*.

(citations omitted). However, the court recognized "that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id*. (citing *Rodriguez*, 865 F.2d at 746) (other citations omitted). Furthermore, the court stated it "ought normally to give the same deference to these agreements as [it] would to any contract embodying the intent of the parties." *Wells*, 907 F.2d. at 370 (citations omitted).

Thus, in determining the reasonableness of a contingent fee agreement, courts should consider "whether the contingency percentage is within the 25% cap; . . . whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id*. (citations omitted). "Should the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id*. (citation omitted).

Finally, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, No. 03 CV 3154, 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007) (citation omitted).

In this case, to determine whether the fee award Mr. Olinsky seeks under Section 406(b) is reasonable, the Court will begin by looking at the contingency-fee agreement between Plaintiff and his counsel. This agreement provides, in pertinent part, that, if she receives a favorable decision in federal court, Mr. Olinsky will seek an attorney fee award of 25% of the past due benefits. (Dkt. No. 19-3.) There is no evidence this agreement was the result of fraud or overreaching. Moreover, the agreement seeks no more than the maximum allowed under the

5

relevant statute.  Thus, the only issue the Court need address is whether the amount of fees Mr. Olinsky seeks would result in a windfall to him.

Mr. Olinsky's record of the time he expended in federal court and the tasks he performed related to the federal court litigation is one factor the Court may consider in determining reasonableness.  Here, Mr. Olinsky's records indicate his office spent a total of 32.4 hours of work related to this case.  (Dkt. No. 19-5.)  Of that time, 26.4 are attorney hours and 6 are paralegal hours.  *Id*.  Here, Mr. Olinsky seeks an award of $26,690.00 in fees, which is based on twenty-five percent of Plaintiff's past-due benefits the Social Security Administration has withheld minus what he seeks at the administrative level.  Mr. Olinksy suggests the Court assume a $100.00 rate for paralegal.  (Dkt. No. 19-1 at ¶ 11.)  In other words, of the $26,690.00 Mr. Olinsky seeks, $600.00 of that is for paralegal work and $26,090.00 is for attorney work.  If the Court divides the total attorney fee sought, $26,090.00, by the 26.4 attorney hours he expended for work before this Court, the effective hourly rate would be $988.26.[2]

To determine whether fees in this amount would result in a windfall to Mr. Olinsky, the Court must consider the following factors:

> "(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, ... (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases."

---

[2]  Mr. Olinsky suggested the effective rate would be $1,010.98, but that number divides the attorney hours by the *total* fee and does not account for the $600.00 in paralegal work.  Nevertheless, the distinction is irrelevant.

6

*Fura v. Astrue*, No. 08–CV–0689, 2011 WL 1541307, *3 (N.D.N.Y. Apr. 21, 2011) (quoting *Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688 (N.D.N.Y. July 10, 2009)) (other citation omitted).

A review of the record demonstrates Mr. Olinsky's efforts were particularly successful for Plaintiff and it appears he was able to handle this case efficiently because of his experience with Social Security cases. Thus, the Court concludes that, in light of the total amount of time Mr. Olinsky expended on this case at both the administrative and district court level, his expertise in handling Social Security cases, the complexity of the issues in this case, the success he achieved in this case, and the inherent uncertainty of non-payment that is always involved when entering into a contingency fee agreement, as well as the lack of any evidence of fraud or overreaching in this case, an award of fees in the amount of $26,690.00 pursuant to § 406(b) would be reasonable for the type and amount of work he expended before this Court.

## III.   CONCLUSION

After reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Mr. Olinsky's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of $26,690.00; and the Court further

**ORDERS** that the amount of $26,690.00 in attorney's fees pursuant to 42 U.S.C. § 406(b) shall be paid to Mr. Olinsky out of the sums that Defendant has withheld from Plaintiff's past-due benefits; and the Court further

**ORDERS** that, upon his receipt of attorney's fees in the amount of $26,690.00, pursuant to 42 U.S.C. § 406(b), Mr. Olinsky shall immediately refund to Plaintiff the previously awarded EAJA sum of $5,400.00.

This case remains closed.

Dated: October 12, 2020
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge